```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

LATHIO JENKINS,

           Plaintiff,

vs.                                       Case No. 2:12-cv-74-FtM-29UAM

LAURA. BEDARD, Warden, LINDA BROWN,
Chief of Housing Units, and MARY
ROBINSON-BOWER MASTER, Unit Manager,

           Defendants.
_____

## OPINION AND ORDER

### I.  Status

This matter comes before the Court upon review of Defendants' motion for summary judgment and incorporated memorandum of law (Doc. #34, Motion). In support of their Motion, Defendants submit exhibits (Doc. #34-1) including: the affidavit of Warden Laura Bedard; a form entitled "K-9 Team Daily Operations Report"; an incident report dated February 1, 2011; and, a transcript of Plaintiff's deposition (Doc. #33, Pl's Depo.). Plaintiff did not file a response to the Defendants' Motion despite the Court's September 11, 2013 Order reminding him about the provisions of Fed. R. Civ. P. 56, and warning him about his responsibility to file a response to the Motion. See Doc. #36.[1] Consequently, Defendants'

---

[1]Plaintiff has also failed to keep the Court apprised of his mailing address.  See docket mail returned as undeliverable Oct. 3, 2013.  In fact, the Court's September 11 Order was returned as undeliverable.  Id.  Plaintiff has still not updated his mailing address to date.  See docket.  Local Rule 3.10 (M.D. Fla. 2009)

(continued...)

Motion is ripe for review without the benefit of a response from Plaintiff. For the reasons that follow, the Court grants Defendants' Motion.

## II. Background

Lathio Jenkins, an inmate in the custody of the Secretary of the Florida Department of Corrections, initiated this action by filing a pro se Civil Rights Complaint (Doc. #2, Complaint) in State court. See Doc. #1. Defendants removed the action to federal court based upon the allegations that Defendants, who work at Moore Haven Correctional Facility, violated Plaintiff's First, Fourth, and Eighth Amendment rights under the United States Constitution. See Complaint. Defendants' motion to dismiss based upon Plaintiff's failure to properly exhaust his administrative remedies was denied. Doc. #16.

Plaintiff is now proceeding on his Amended Complaint (Doc. #17, Amended Complaint) against the Warden of Moore Haven Correctional, Laura Bedard; the Chief of the Housing Unit, Linda Brown; and, the Unit Manager, Mary Robinson-Bowermaster. Amended

---

[1](...continued)
permits dismissal of an action for failure to prosecute after a Show Cause Order has been entered. The Court's September 11 Order also included a show cause order directing Plaintiff to show cause why the action should not be dismissed for failure to prosecute for failing to file a response to the Defendants' motion for summary judgment and for failing to his file his pre-trial narrative statement as directed in the Court's January 23, 2013 Order. Consequently, in the alternative, this action is subject to dismissal for failure to prosecute pursuant to Local Rule 3.10.

Complaint at 1. The Amended Complaint alleges that on February 1, 2011 at approximately 8:45 a.m., Defendant Bowermaster, Correctional Officer Seymour, Sergeant Goodman, Lieutenant Dukes, and six unknown correctional officers with K-9 dogs entered housing unit 2-A and Seymour stated, "Everyone of y'all go to the front of the dorm, we going to teach y'all about trying us." Id. at 5. Plaintiff alleges he asked Defendant Bowermaster why they were doing this to them. Id. at 6. Seymour responded "since y'all want to grieve us." Id. And, Bowermaster responded, "we're going to strip search everyone of y'all and the rest of y'all can thank those inmates." Id.

Plaintiff states that the search took place in the hallway of Unit 2 and opines it occurred per Defendant Bowermaster's directive. Id. at 13; Pl's Depo. at 31. Plaintiff states he had to "bend over and spread [his] anus in the presence of other inmates." Amended Complaint at 17. Plaintiff alleges that the strip search[2] was conducted in retaliation for Plaintiff and other inmates filing grievances against Defendant Bowermaster and other staff. Id. at 6. Plaintiff claims that Warden Bedard was aware of prior illegal, retaliatory strip searches, but did not correct, or stop her subordinates from following this illegal policy or continuing the custom. Id. at 7. As relief, Plaintiff seeks

---

[2]The Court's use of the word "strip search" in this case refers to both a strip search and visual body cavity inspection.

monetary damages, declaratory judgment, and any other relief the Court deems proper. Id. at 8.

### III. Undisputed Facts

Moore Haven Correctional is operated by Corrections Corporation of America (CCA) pursuant to a contract with the Florida Department of Management Services. Amended Complaint at 7; Motion at 1. On February 1, 2011, correctional officers from the Florida Department of Corrections (FDOC) arrived unannounced at Moore Haven Correctional to conduct a random search for contraband. Motion at 3 (citing Aff. Bedard at 2). The FDOC conducts these contraband searches randomly without notification to CCA. Motion at 4 (citing Aff. Bedard at 2). The contraband search involved the following areas at Moore Haven Correctional: three wings of unit A,E; two wings of A,D; the barber shop; "'costics [sic] closet"; and, the parking lot. See Exh. A at 4, K-9 Team Daily Operations Report.

During the search of "2 wing D," the dog named Tina alerted officers to the presence of marijuana in an inmate locker.[3] Motion

---

[3] Plaintiff opines in his deposition that the officers did not locate any drugs before the strip search and that the search was purely retaliatory. Pl's Depo. at 37, 61. Evidence submitted by Defendants proves the officers did find marijuana prior to the strip search. See Aff. Bedard; Exh. A at 4-5. Plaintiff has not submitted any evidence to contradict Defendants' reports proving contraband was found. See docket; Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000)(stating conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact).

at 3 (citing Exh. A, Aff. Bedard at 4); <u>see also</u> K-9 Daily Operations Report at 4.  The substance field tested positive for marijuana.  <u>Id.</u>  As a result, FDOC officers strip searched inmates, including Plaintiff.  <u>Id.</u>; Pl's Depo. at 52; <u>see also</u> Amended Complaint at 5; Florida Admin. Code § 33-602.204.  Bowermaster facilitated the search of the housing units and assisted the FDOC officers, but did not schedule or participate in the strip search in any way.[4]  Motion at 4; Aff. Bedard at 3.  Neither Bernard nor Brown had any role in scheduling or participating in the strip search.  <u>Id.</u>; <u>see also</u> Pl's Depo. at 31.  The mass search took place in the hallway of Unit 2-A.  Amended Complaint at 13; Pl's Depo. at 41.  Plaintiff states he had to "bend over and spread [his] anus in the presence of other inmates."  Amended Complaint at 17.  Plaintiff states he was naked for approximately twenty to thirty minutes.  Pl. Depo. at 36.  Approximately twelve inmates from the surrounding quads, who were not being strip searched, could see the other naked inmates and made gestures to them.  Pl's Depo. at 41-42.

### IV. Standard of Summary Judgment

"Summary judgment is appropriate only if the movant shows that there is no genuine dispute as to any material fact and the movant

---

[4] Plaintiff opines that Bowermaster directed the strip search. Pl's Depo. at 41. Defendants produce evidence that the search was directed by the FDOC officers and that none of the employees from CCA took part in the search. Aff. Bedard at 3; Exh. A at 4-5.

is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011)(internal quotations and citations omitted). See also Fed. R. Civ. P. 56(c)(2). "The moving party may meet its burden to show that there are no genuine issues of material fact by demonstrating that there is a lack of evidence to support the essential elements that the non-moving party must prove at trial." Moton, 631 F.3d at 1341 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The standard for creating a genuine dispute of fact requires the court to "make all *reasonable* inferences in favor of the party opposing summary judgment," Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000)(en banc)(emphasis added), not to make all *possible* inferences in the non-moving party's favor.

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion "bears the burden of persuasion" and must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, and "set forth specific facts showing that there is a genuine issue for trial." Beard v. Banks, 548 U.S. 521, 529 (2006)(citations omitted); Celotex, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and "all justifiable inferences" must be drawn in favor of the non-moving party. Beard, 548 U.S. at 529

-6-

(citations omitted); Shotz v. City of Plantation, Fl., 344 F.3d 1161, 1164 (11th Cir. 2003). "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 970 (11th Cir. 2002) (citations omitted). Nor are conclusory allegations based on subjective beliefs sufficient to create a genuine issue of material fact. Leigh, 212 F.3d at 1217. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

## V. Discussion

### A. Defendants' Motion

Defendants Bedard, Brown, and Bowermaster move for summary judgment as a matter of law. See Motion. Defendants Bedard and Brown, as supervisory officials, argue that they cannot be held liable under the theory of *respondeat superior* and argue the Amended Complaint fails to set forth any facts giving rise to liability. Id. at 5. Defendants opine that Plaintiff attributes liability on them solely based on their supervisory positions. Id. Defendant Bedard argues that the allegations that she knew of a custom or policy of illegal strip searching and did not fix it are

-7-

insufficient to overcome the evidence of record showing that she had no role whatsoever in the strip search, which was orchestrated and conducted by the FDOC, who is not a named defendant. Id. Likewise, Defendants Brown and Bowermaster point to the evidence that the search was conducted by FDOC officers. Id.

Alternatively, Defendants argue that the strip search did not violate either Plaintiff's First, Fourth, or Eighth Amendment rights. Id. at 9-11. With regard to Plaintiff's First Amendment claim that the search was done in retaliation for filing grievances, Defendants again submit that there is no causal connection because the search was conducted after contraband was found. Id. at 8. Moreover, Plaintiff did not file any inmate grievances prior to the strip search incident. Id. Instead, Plaintiff acknowledged filing grievances after the incident. Id.; see also Pl's Depo. at 23. With regard to the Eighth Amendment claim, Defendants submit that the undisputed facts show that the strip search served a valid penological interest, to keep drugs out of the facility. Motion at 9-10. Defendants remind the Court that they did not order the strip search-- the FDOC did. Id. at 10.

**B.  First Amendment Claim**

The First Amendment prohibits correctional officials from retaliating against an inmate for exercising his right to free speech by filing inmate grievances. Motion v. Walker, ___ F. App'x ____, 2013 WL 5911245, *4 (11th Cir. Nov. 5,

2013)(unpublished)(citing Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003)).  To prevail on a retaliation claim, the inmate must establish that: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that official's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech.  O'Bryant v. Finch, 637 F.2d 1207, 1212 (11th Cir. 2011)(internal quotations omitted); Moton v. Cowart, 631 F.3d 1337, 1341-42 (11th Cir. 2011).  "To establish causation, the plaintiff must show that the defendant was 'subjectively motivated to discipline' the plaintiff for exercising his First Amendment rights."  Cowart, 631 F.3d at 1341 (quoting Smith v. Mosley, 532 F.3d 1270, 1278 (11th Cir. 2008)).  In other words, "[a]n inmate may maintain a cause of action under 42 U.S.C. § 1983 by showing that a prison official's actions were *the result of* the inmate's having filed a grievance concerning the conditions of his imprisonment."  Walker, 2013 WL at *4 (citing O'Bryant, 637 F.3d at 1215).

Here, Plaintiff's First Amendment claim involves an alleged retaliatory strip search.  Plaintiff opines that Defendants strip searched himself and other inmates in his dorm in retaliation for

the inmate grievances he and two other "writ writers"[5] filed against Defendant Bowermaster. Pl's Depo. at 23. The evidence of record reveals that none of the named Defendants were aware that FDOC officials were coming to Moore Haven to conduct a contraband search. Supra at 4-5. FDOC officials arrived to conduct a random search of inmates. Id. As a result of the search, marijuana was found. Id. The FDOC officers' discovery of marijuana inside the dorm was the impetus behind the strip search in the hallway of dorm, not the filing of inmate grievances. Id. Other than Plaintiff's unsupported conclusions that the search was the result of threatening to file inmate grievances, or filing inmate grievances, there is no evidence to support the finding that the strip search was conducted for any other reason other than to locate additional contraband after the marijuana was located by FDOC officers. Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995)(affirming district court's granting of defendants' summary judgment motion when inmate produced nothing beyond his own conclusory allegations suggested that officer was motivated by retaliatory amicus).

The record further evidences a lack of a causal connection between the strip search and the filing of inmate grievances because Plaintiff acknowledges he did not file any inmate

---

[5] A "writ writer" is an inmate who files a lot of inmate grievances.

-10-

grievances until <u>after</u> the strip search occurred. Pl's Depo. at 23. Plaintiff testified that he was not aware of any grievances filed <u>prior</u> to the strip search. <u>Id.</u> In order to find that the strip search was done in retaliation for the inmate grievances, an inmate grievances would have had to have been filed before the strip search. The record shows the opposite. The strip search was not the result of inmate grievances. Therefore, absent the finding of a genuine issue of material fact, Defendants are entitled to summary judgment on the First Amendment claim.

**C. Fourth and Eighth Amendment Claims**

To the extent the Amended Complaint alleges a Fourth and an Eighth Amendment claim stemming from the strip search, Defendants are entitled to entry of judgment. The record evidences no causal connection established between the named Defendants and the strip search. <u>Swint v. City of Wadley</u>, 51 F.3d 988 (11th Cir. 1995); <u>Tittle v. Jefferson County Comm'n</u>, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). FDOC officers planned and executed the contraband search and the subsequent strip search, not the Defendants Plaintiff identifies in the Amended Complaint. Therefore, Defendants are also entitled to summary judgment on Plaintiff's Fourth and Eighth Amendment claims.

ACCORDINGLY, it is hereby

**ORDERED:**

    1.   Defendants' motion for summary judgment (Doc. #34) is **GRANTED** and judgment is entered in favor of Defendants.

    2.   The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this case.

    **DONE AND ORDERED** at Fort Myers, Florida, on this __25th__ day of November, 2013.

                                                           JOHN E. STEELE
                                                          UNITED STATES DISTRICT JUDGE

SA: ALJ
Copies: All Parties of Record